STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
JOHN H. LATIF, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 19, 1975—Decided May 30, 1975.

Before Judges LEONARD, SEIDMAN and BISCHOFF.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. Maurice J. Molyneaux,* of counsel and on the brief).

*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney for respondent (*Ms. Sara A. Friedman,* Assistant Prosecutor, of counsel and on the brief).

The Opinion of the Court was delivered by

BISCHOFF, J. A. D. Defendant was indicted by the Essex County Grand Jury on September 1, 1970 for robbery of $280 from an employee of Seaboard Finance Company in violation of *N. J. S. A.* 2A:141–1, and he was indicted on September 10, 1970 for robbery of $100 from an employee of Western Union Telegraph Company in violation of the same statute by the same grand jury.

He was tried and convicted by a jury in January 1974 for both crimes in separate trials. Defendant appeals from both convictions and the sentences imposed, raising (with but one exception) the same issues in both appeals. We will dispose of both appeals in this opinion.

Defendant contends:

(a) he was denied his constitutional right to a speedy trial. (This issue was not raised in the trial court.);

(b) it was plain error for the trial court to fail to conduct a *voir dire* on the issue of identification;

(c) he was not given the *"Miranda"* warnings when apprehended and subsequent statements made by him were in violation of his constitutional privilege against self-incrimination;

(d) he was ineffectively represented and, thus, denied adequate assistance of counsel; and,

(e) as to the trial of the indictment relating to the robbery of the Seaboard Finance Company, defendant also contends the admission of evidence of other acts or offenses allegedly committed by him was error.

We are satisfied from our review of the records and the arguments that these issues are clearly without merit. *R.* 2:11–3(e)(2).

In addition thereto, the defendant contends there was error in that:

(1) he did not possess the requisite mental capacity to waive his constitutional right against self-incrimination and the admission of statements made by him constituted reversible error; and,

(2) the sentences imposed are excessive.

We defer determination of these two issues to another time.

The serious issue presented by the records of these two trials has not been raised or briefed by either of the parties. It is: "Was defendant competent to stand trial?"

That issue is presented by the following facts.

Following his indictment for both robberies, defendant was tried and convicted of one in November 1970 and the other in December 1970. Defendant appealed both convictions and while the appeals were pending, on motion by the defendant, the trial court held a hearing July 7, 1972 on the separate issues of insanity at the time the crimes were committed and competency of the defendant to stand trial. The trial judge found:

(1) defendant was sane at the time the crimes were committed;

(2) defendant was so incompetent at the time of both trials as to be unable to adequately defend himself; and,

(3) defendant was sufficiently recovered and was now able to defend himself.

New trials were ordered by the trial judge. Defendant filed a supplementary notice of appeal, and this Court affirmed the order for a new trial leaving open the issue of insanity.

One week prior to the scheduled start of the retrials, the prosecutor stated in open court that he had conferred with a psychiatrist engaged on behalf of the State and "the initial findings, however, he hasn't completed his findings, is that he may not be capable of standing trial at this time." Defense counsel, on the other hand, indicated that the psy-

chiatrist examining the defendant on behalf of the defense had found defendant competent to stand trial.

The issue of defendant's mental capacity arose one week later at the outset of trial when defense counsel stated one of the defenses to be interposed was that defendant was insane at the time the crimes were committed. Defendant then personally engaged the court in a lengthy colloquy on the procedure to be used in submitting the issue of his insanity at the time the crimes were committed to the jury. Counsel for both sides informed the court that medical experts for both the State and the defense had rendered opinions that defendant did not know the nature or quality of his acts at the time he committed the crimes.

Defense counsel then informed the court that the expert for the defense, who would support the defense of insanity, had been taken ill and he requested a three to four week adjournment of the trial. Defendant personally opposed this, stating that he was willing to forego the defense of insanity in order to have his case promptly tried. The court questioned defendant closely and concluded that defendant understood the consequences of waiving the defense of insanity. Defense counsel indicated his strong objections to proceeding to trial, waiving the defense of insanity, but felt compelled to follow his client's wishes. The prosecutor informed the court that the State's medical expert did not consider defendant presently competent to either stand trial or waive his defenses, and he requested a hearing on the competency of the defendant to stand trial. Defendant's counsel countered, stating his defense expert felt defendant was competent to stand trial but also suggested that the court determine defendant's competency before proceeding to trial. The court refused to do so for the following reasons:

(1) the issue was not placed before him pursuant to the procedure established in the statute, *N. J. S. A.* 2A:163–2;

(2) defendant personally wished to proceed to trial;

(3) the presumption of competency continues; and,

(4) the ruling of the prior trial court in 1972 that defendant was competent to proceed to trial was affirmed by the Appellate Division.

Trial proceeded with counsel appearing for defendant.

It has long been accepted that a defendant whose mental condition is such that he lacks the capacity to comprehend his position, to consult intelligently with counsel and plan his defense, cannot be put to trial. *Drope v. Missouri,* 420 *U. S.* 162, 95 S. Ct. 896, 43 *L. Ed.* 2d 103, 112 (1975); *State v. Auld,* 2 *N. J.* 426, 435 (1949); *State v. Spivey,* 65 *N. J.* 21, 36 (1974). It follows that where there exists a bona fide doubt as to defendant's competence to stand trial, the court must conduct a hearing to resolve that issue. *Pate v. Robinson,* 383 *U. S.* 375, 385, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966); *State v. Spivey, supra* at 37; *State v. Pugh,* 117 *N. J. Super.* 26, 30–31 (App. Div. 1971), certif. den. 60 *N. J.* 22 (1972). The authority to resolve this preliminary inquiry is within the inherent power of the court, *State v. Spivey, supra* at 36, independent of statutory procedures.

We are not here concerned with the necessity of deciding whether there were sufficient *indicia* of incompetence to call upon the court to act *sua sponte.* There was a request by both counsel for such a hearing. While the request was not contained in any formal pleading and came during the course of a discussion of preliminary matters, it was sufficient — when considered in conjunction with other facts then before the court — to alert the trial judge to the necessity for a hearing to determine the competence of the defendant to stand trial. *State v. Spivey, supra; Pate v. Robinson, supra.* An indirect reference to the issue in a motion for adjournment has been held sufficient to require the court to act. *Drope v. Missouri, supra,* 420 *U. S.* at 176, 95 S. Ct. 896, 43 L. Ed. 2d at 116.

The fact that there had been an adjudication by the trial court in 1972, affirmed by the Appellate Division, that defendant was then competent to stand trial is not determina-

tive of that issue. The responsibility of the court to prevent the trial of one incompetent to stand trial is an ongoing responsibility. *State v. Spivey, supra* at 40–43; *cf. United States v. Cook,* 418 *F.* 2d 321 (9 Cir. 1969).

In this case the court had before it a prior finding of incompetence. Insanity was a defense. There were varying opinions of psychiatrists as to the insanity of defendant at the time of the commission of the offenses, as well as his competency to stand trial. Further, defendant's willingness to relinquish what appears on the surface to be a viable defense (insanity), his unwillingness to heed counsel's advice, as well as counsel's request for a hearing, all create a composite of circumstances requiring the trial judge to grant counsel's request for a hearing to determine the competency of defendant to stand trial. *Drope v. Missouri, supra* at 420 *U. S.* at 180, 95 S. Ct. 896, 43 L. Ed. 2d at 118.

What we have said is applicable to both trials for it appears that the first trial was concluded on Thursday, January 24, 1974 and the second trial commenced before the same trial judge on Monday, January 28, 1974. Prior to commencement of the second trial, counsel for both the State and the defendant, as well as the defendant personally, restated on the record their positions in substantially the same language as that preceding the first trial.

We conclude that both cases must be remanded for the limited purpose of having the trial judge conduct a hearing to determine whether or not, at the time defendant was tried in January 1974, he was competent to stand trial. It appears from the record before us that there was then available contemporaneous medical and other evidence on that issue[1].

---

[1]In *Pate v. Robinson, supra* at 387, 86 S. Ct. 836, and *Drope v. Missouri, supra,* 420 *U. S.* at 183, 95 S. Ct. at 909, 43 L. Ed. 2d at 119–120, it was held that a remand was not appropriate but the court, instead, reversed the conviction, leaving the State free to retry defendant assuming that at the time of such retrial he was competent to be tried. However, in both those cases it was clear there was no contemporaneous medical evidence available and the action of the

In the event the trial judge determines that there is insufficient contemporaneous evidence available to determine if defendant was then competent to stand trial, the matter should be promptly returned to us with that certification.

Consequently, this matter is remanded to the trial court to hold a plenary hearing forthwith into the competency of the defendant to stand trial at the time he was tried in January 1974. The remand judge shall make and file detailed findings and conclusions. In the interim, we retain jurisdiction.

Within 15 days of the filing of the remand judge's conclusions, counsel for each party may file a supplemental letter brief with the Clerk of this Court.

Remanded and jurisdiction retained.

---

court was predicated upon "the inherent difficulties of such a *nunc pro tunc* determination under the most favorable circumstances." *Cf. Conner v. Wingo*, 429 *F.* 2d 630, 639–640 (6 Cir. 1970), *cert.* den. 406 *U. S.* 921, 92 S. Ct. 1779, 32 L. Ed. 2d 121 (1972).